community supervision; our independent review of the records did not reveal any other arguable grounds of error.

## C. Grant Motion to Withdraw and Reform Judgment

We grant appellate counsel's motion to withdraw. Additionally, because we hold that we possess authority to reform the judgment in cause number 2–04–148–CR, we reform that judgment to delete the language regarding the payment of appointed counsel fees as a condition of parole. *See* Tex.R.App. P. 43.2(f); *Burnett v. State*, No. 06–00–00147–CR, 2001 WL 82520, at *2 (Tex.App.-Texarkana Feb.1, 2001, no pet.) (not designated for publication) (reforming judgment to delete condition of parole in *Anders* appeal in which appointed counsel did not raise issue as point of arguable error); *Conley v. State*, No. 01–89–01119–CR, 1991 WL 413, at *1 (Tex.App.-Houston [1st Dist.] Jan. 3, 1991, no pet.) (not designated for publication) (reforming judgment to delete payment of attorney's fees that were condition of parole in *Anders* appeal in which pro se raised issue as point of arguable error). *But see Evans*, 933 S.W.2d at 335 (holding that in an *Anders* appeal, the need to reform the judgment constitutes an arguable ground for appeal, requiring abatement for appointment of new counsel on appeal).

### IV. Conclusion

Having granted appellate counsel's motion to withdraw and reformed the judgment to delete the language regarding the payment of appointed counsel fees in cause number 2–04–148–CR, we affirm the trial court's judgments in cause numbers 2–04–149–CR and 2–04–150–CR and affirm the trial court's judgment in cause number 2–04–148–CR as reformed.

J.E. BOYD GENERAL CONTRACTOR, INC., Appellant,

v.

PRESTIDGE SMITH RAZLOZNIK, INC., f/k/a Prestidge Smith Architects, Inc., Appellee.

No. 08–05–00327–CV.

Court of Appeals of Texas, El Paso.

Nov. 10, 2005.

Arthur R. Piacenti, Hicks & Lucky, El Paso, for appellant.

Bryan H. Hall, Richard & Hall, P.C., El Paso, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

RICHARD BARAJAS, Chief Justice.

Pending before the Court is the Appellant's unopposed motion to dismiss this appeal. Texas Rule of Appellate Procedure 42.1(a)(1) states:

(a) *On Motion or By Agreement.* The appellate court may dispose of an appeal as follows:

(1) On Motion of Appellant. In accordance with a motion of appellant, the court may dismiss the appeal or affirm the appealed judgment or order unless disposition would prevent a party from seeking relief to which it would otherwise be entitled.

Tex.R.App. P. 42.1(a)(1).

Appellant has complied with the requirements of Rule 42.1(a)(1). The Court has

considered this cause on the Appellant's motion and concludes the motion should be granted and the appeal should be dismissed. We therefore dismiss the appeal.

**HOTEL PASO DEL NORTE, INC. d/b/a Camino Real Hotel, Appellant,**

v.

**Angelita NUNEZ, Appellee.**

**No. 08–05–00334–CV.**

Court of Appeals of Texas, El Paso.

Nov. 10, 2005.

Kurt H. Kuhn, Brown McCarroll, L.L.P., Austin, for appellant.

George P. Andritsos, El Paso, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

***OPINION***

RICHARD BARAJAS, Chief Justice.

Pending before the Court is the Appellant's unopposed motion to dismiss this appeal. Texas Rule of Appellate Procedure 42.1(a)(1) states:

(a) *On Motion or By Agreement.* The appellate court may dispose of an appeal as follows:

(1) On Motion of Appellant. In accordance with a motion of appellant, the court may dismiss the appeal or affirm the appealed judgment or order unless disposition would prevent a party from seeking relief to which it would otherwise be entitled.

Tex.R.App. P. 42.1(a)(1).

Appellant has complied with the requirements of Rule 42.1(a)(1). The Court has considered this cause on the Appellant's motion and concludes the motion should be granted and the appeal should be dismissed. We therefore dismiss the appeal.

**Jerry Wayne HUDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00483–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 15, 2005.